**FISHMAN DECEA & FELDMAN**

Attorneys at Law

84 Business Park Drive
Suite 200
Armonk, New York 10504

Phone: (914) 285-1400
tdecea@dfdlawfirm.com

Thomas B. Decea
Partner
Admitted in NY and CT

New York Office:
10 East 40th Street, 46th Floor
New York, NY  10016
Phone:   (212) 616-1566
Fax:        (646) 454-4191

May 15, 2021

By ECF

The Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr.
  Federal Building, United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

     Re: Pallasite Asset Trust v. Key Associates and
       Appraisal Services, Inc., and Anthony J. Bisignano
       <u>Docket No: 7:21-cv-02796-CS</u>

Dear Judge Seibel:

  This firm represents defendants, Key Associates and Appraisal Services, Inc. (Key Associates"), and Anthony J. Bisignano ("Bisignano") (collectively "Defendants"). This letter is respectfully submitted in response to the letter submitted by Plaintiff yesterday (Doc. 28).

  From a practical standpoint, plaintiff's request fails to state how a pre-answer request to admit will advance this case let alone has it proposed what it would have Defendants admit or deny. Plaintiff has requested, and been granted, leave to file an amended complaint and a briefing schedule was established for Defendants' Rule 12 (b) (6) of the Federal Rules of Civil Procedure; none of the deadlines have passed. A request to admit at this stage, or even prior to the joinder of issue (should the motion to dismiss be denied), is inappropriate and prejudicial.

  From a legal standpoint, we have found no precedent for a pre-answer request to admit prior to the filing of an amended complaint. Conversely, there is case law would seem to discourage a pre-answer request to admit. For example, in <u>Pompano–Windy City Partners, Ltd. v. Bear Stearns & Co., Inc</u>., 1988 WL 122014 at *2 (SDNY 1988), the court held:

> Discovery on the merits should normally await disposition of any pre-answer motions challenging the legal sufficiency of the complaint, in order to minimize abuse of the discovery process for "*in terrorem* increment of the settlement value"

FISHMAN DECEA & FELDMAN

Letter to Honorable Cathy Seibel
June 15, 2021
Page 2

of a groundless claim, *see Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 745 (1975). The 1983 amendments to the discovery rules, designed in part to discourage discovery out of proportion to the issues in the case, support this approach, see generally Advisory Committee Note to Rule 26(g).

Purpose of this rule pertaining to request for admissions is to *expedite trial* by removing uncontested issues (See, Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (C.A.2 1966), not to gain information to oppose a proposed motion to dismiss an amended complaint which has not yet been filed.

Even if a request to admit were served, for the reasons stated above, Defendants would likely move for a protective order which may delay this matter further and unnecessarily.

Respectfully Submitted,

*/s/ Thomas B. Decea*

Thomas B. Decea

cc. Hon. Cathy Seibel (By email: chambersnysdseibel@nysd.uscourts.gov)

---

I am not going to allow pre-answer discovery, but I encourage Plaintiff's counsel to get on the phone with Defendants' counsel to discuss what admission Plaintiff is seeking. Perhaps the parties can work out a stipulation or other resolution that will streamline the Amended Complaint and/or the motion practice, and save resources on both sides. The Clerk of Court is respectfully directed to terminate Doc. 29.

SO ORDERED.

*Cathy Seibel*   6/16/21
CATHY SEIBEL, U.S.D.J.